IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| INDMEX, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:20cv00727 (LO/IDD) |
| | ) | |
| L3HARRIS TECHNOLOGIES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant L3Harris Technologies, Inc. ("L3Harris"), by counsel and following the Court's

Memorandum Opinion and Order (issued and received by ECF on November 18, 2020) granting

in part and denying in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), and pursuant to Fed.

R. Civ. P. 12(a)(4)(A)), answers the First Amended Complaint ("FAC") filed by Plaintiff

INDMEX, Inc. ("Indmex" or "Plaintiff") as follows:

1.      L3Harris does not have sufficient information to admit or deny the allegations in

paragraph 1 and, therefore, denies the same.[1]

2.      L3Harris admits the allegations in paragraph 2.

3.      L3Harris denies the allegations in paragraph 3.

4.      Paragraph 4 of the FAC is a legal conclusion requiring no response. To the extent

a response is deemed necessary, it is denied.

_____

[1] L3Harris further denies the claims asserted in Plaintiff's "Introduction" of the FAC and demands
strict proof thereof.

5.      Paragraph 5 of the FAC is a legal conclusion requiring no response. To the extent a response is deemed necessary, it is denied.

6.      Paragraph 6 of the FAC is a legal conclusion requiring no response. To the extent a response is deemed necessary, it is denied.

7.      In response to paragraph 7, L3Harris admits that there are other systems and technologies to help reduce the number and severity of incidents involving aircraft and vehicles at airports.  L3Harris otherwise does not have sufficient information to admit or deny the allegations in paragraph 7 and, therefore, denies the same and further responds that the FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself and denies the allegations concerning such document to the extent they vary from such document.

8.      L3Harris does not have sufficient information to admit or deny the allegations in paragraph 8 and, therefore, denies the same and further responds that the FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself and denies the allegations concerning such document to the extent they vary from such document.

9.      In response to paragraph 9, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

10.      In response to paragraph 10, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

11.      L3Harris does not have sufficient information to admit or deny the allegations in paragraph 11 and, therefore, denies the same.

12.     In response to paragraph 12, the referenced website speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

13.     In response to paragraph 13, the referenced website speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

14.     In response to paragraph 14, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

15.     In response to paragraph 15, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

16.     In response to paragraph 16, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

17.     In response to paragraph 17, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

18.     In response to paragraph 18, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

19.     In response to paragraph 19, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

20.     In response to paragraph 20, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

21.     In response to paragraph 21, the referenced FAA Advisory Circular attached as Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

22.     In response to paragraph 22, the referenced website speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

23.     In response to paragraph 23, L3Harris admits that FreeFlight manufactures certain ADS-B equipment for ground vehicles.

24.     In response to paragraph 24, the referenced website and Exhibits B and C to the FAC speak for themselves, and L3Harris denies the allegations concerning such documents to the extent they vary from such documents.

25.     In response paragraph 25, L3Harris admits that the VMAT 1.0 product preceded the introduction of the VMAT 2.0 product.

26.     In response to paragraph 26, L3Harris admits that the VMAT 1.0 product is an interior unit and the VMAT 2.0 product is an exterior unit.

27.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 27 and, therefore, denies the same.

28.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 28 and, therefore, denies the same.

29.     In response to paragraph 29, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

30.     In response to paragraph 30, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

31.     In response to paragraph 31, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

32.     In response to paragraph 32, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

33.     In response to paragraph 33, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

34.     In response to paragraph 34, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

35.     In response to paragraph 35, the referenced Exhibit B to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

36.     In response to paragraph 36, the referenced Exhibits B and C to the FAC speak for themselves, and L3Harris denies the allegations concerning such documents to the extent they vary from such documents.

37.     In response to paragraph 37, the referenced website speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

38.     In response to paragraph 38, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

39.     In response to paragraph 39, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

40.     In response to paragraph 40, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

41.     In response to paragraph 41, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

42.     In response to paragraph 42, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

43.     In response to paragraph 43, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

44.     In response to paragraph 44, the referenced website speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

45.     L3Harris denies the allegations in paragraph 45.

46.     L3Harris denies the allegations in paragraph 46.

47.     In response to paragraph 47, the referenced website speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

48.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 48 and, therefore, denies the same.

49.     L3Harris denies the allegations in paragraph 49.

50.     In response to paragraph 50, the referenced document speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

51.     L3Harris denies the allegations in paragraph 51.

52.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 52 and, therefore, denies the same.

53.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 53 and, therefore, denies the same.

54.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 54 and, therefore, denies the same.

55.     In response to paragraph 55, the applicable contracts with such parties speak for themselves, and L3Harris denies the allegations to the extent they vary from such contracts.

56.     In response to paragraph 56, L3Harris admits that FreeFlight provided L3Harris purchase and support rights for VMAT units and that FreeFlight provided Indmex purchase and support rights for the VMAT 2.0.  L3Harris otherwise denies the allegations in paragraph 56.

57.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 57 and, therefore, denies the same.

58.     In response to paragraph 58, the referenced Exhibit A to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

59.     In response to paragraph 59, the referenced Exhibits A and D to the FAC speak for themselves, and L3Harris denies the allegations concerning such documents to the extent they vary from such documents.

60.     In response to paragraph 60, the referenced Exhibit D to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

61.     In response to paragraph 61, L3Harris admits that INDMEX was a competitor to the extent it bid to supply VMAT 2.0 units to certain airports.  L3Harris otherwise denies the allegations.

62.     In response to paragraph 62, L3Harris admits that it marketed VMAT Units to airports.  L3Harris does not have sufficient information to admit or deny the remaining allegations in paragraph 62 and, therefore, denies the same.

63.     In response to paragraph 63, L3Harris admits that airports turned to L3Harris to provide VMAT units and support services.  L3Harris does not have sufficient information to admit or deny the remaining allegations in paragraph 63 and, therefore, denies the same.

64.     L3Harris denies the allegations in paragraph 64.

65.     L3Harris denies the allegations in paragraph 65.

66.     In response to paragraph 66, L3Harris admits that Exelis Corporation entered into a Strategic Purchase Agreement with FreeFlight in January 2014 ("2014 Exelis SPA"), whose terms speak for themselves.

67.     In response to paragraph 67, the 2014 Exelis SPA speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

68.     In response to paragraph 68, L3Harris admits that Exelis Corporation entered into a Strategic Purchase Agreement with FreeFlight in 2015 ("2015 Exelis SPA"), whose terms speak for themselves.  L3Harris otherwise denies that it did not have VMAT support rights with FreeFlight.

69.     In response to paragraph 69, the 2015 Exelis SPA speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document. L3Harris otherwise denies that it did not have VMAT support rights with FreeFlight.

70.     L3Harris denies the first sentence of paragraph 70.  L3Harris does not have sufficient information to admit or deny the allegations in the second sentence of paragraph 70 and, therefore, denies the same.

71.     In response to paragraph 71, the 2015 Exelis SPA speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

72.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 72 and, therefore, denies the same.

73.     In response to paragraph 73, the referenced Exhibit E to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

74.     In response to paragraph 74, the referenced Exhibit E to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

75.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 75 and, therefore, denies the same.

76.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 76 and, therefore, denies the same.

77.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 77 and, therefore, denies the same.

78.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 78 and, therefore, denies the same.

79.     In response to paragraph 79, L3Harris admits that FreeFlight issued a document dated May 7, 2018 attached as Exhibit F to the FAC.  L3Harris otherwise denies that Plaintiff had VMAT 1.0 support services rights.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, ruled that such May 7, 2018 document and alleged

"'certification' of Indmex as a provider of 'Level 1 support services' for the VMAT 1.0 does not constitute a contract."   (Dkt. 43 at p. 30.)

80.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 80 and, therefore, denies the same.

81.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 81 and, therefore, denies the same.

82.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 82 and, therefore, denies the same.

83.     In response to paragraph 83, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

84.     L3Harris denies the allegations in paragraph 84.

85.     L3Harris denies the allegations in paragraph 85.

86.     In response to paragraph 86, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

87.     L3Harris denies the allegations in paragraph 87.

88.     In response to paragraph 88, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

89.     In response to paragraph 89, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

90.     L3Harris denies the allegations in paragraph 90.

91.     L3Harris denies the allegations in paragraph 91.

92.     In response to paragraph 92, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

93.     L3Harris denies the allegations in paragraph 93.

94.     L3Harris denies the allegations in paragraph 94.

95.     In response to paragraph 95, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

96.     In response to paragraph 96, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

97.     L3Harris denies the allegations in paragraph 97.

98.     In response to paragraph 98, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

99.     In response to paragraph 99, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

100.    In response to paragraph 100, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

101.     In response to paragraph 101, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

102.     In response to paragraph 102, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

103.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 103 and, therefore, denies the same.

104.     In response to paragraph 104, the referenced Exhibit G to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

105.     L3Harris denies the allegations in paragraph 105.

106.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 106 and, therefore, denies the same.

107.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 107 and, therefore, denies the same.

108.     L3Harris denies the allegations in paragraph 108.

109.     L3Harris denies the allegations in paragraph 109.

110.     L3Harris denies the first sentence in paragraph 110.  Responding further, the referenced Exhibit H to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

111.    In response to paragraph 111, the referenced Exhibit H to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

112.    In response to paragraph 111, the referenced Exhibit H to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

113.    L3Harris denies the allegations in paragraph 113.

114.    L3Harris denies the allegations in paragraph 114.

115.    L3Harris denies the allegations in paragraph 115.

116.    L3Harris denies the allegations in paragraph 116.

117.    L3Harris denies the allegations in paragraph 117.

118.    In response to paragraph 118, the referenced Exhibit I to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

119.    In response to paragraph 119, the referenced Exhibit I to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

120.    In response to paragraph 120, the referenced Exhibit I to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document and from prior VMAT support rights L3Harris already had with FreeFlight.

121.    In response to paragraph 121, the referenced Exhibit I to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

122.     In response to paragraph 122, the referenced Exhibit I to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

123.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 123 and, therefore, denies the same.

124.     L3Harris denies the allegations in paragraph 124.

125.     L3Harris denies the allegations in paragraph 125.

126.     L3Harris denies the allegations in paragraph 126.

127.     L3Harris denies the allegations in paragraph 127.

128.     L3Harris denies the allegations in paragraph 128.

129.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 129 and, therefore, denies the same.

130.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 130 and, therefore, denies the same.

131.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 131 and, therefore, denies the same.

132.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 132 and, therefore, denies the same.

133.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 133 and, therefore, denies the same.

134.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 134 and, therefore, denies the same.

135.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 135 and, therefore, denies the same.

136.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 136 and, therefore, denies the same.

137.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 137 and, therefore, denies the same.

138.    L3Harris denies the allegations in paragraph 138.

139.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 139 and, therefore, denies the same.

140.    L3Harris denies the allegations in paragraph 140.

141.    Paragraph 141 of the FAC is a legal conclusion requiring no response. To the extent a response is deemed necessary, it is denied.

142.    L3Harris denies the allegations in paragraph 142.

143.    In response to paragraph 143, L3Harris admits that INDMEX was a competitor to the extent it bid to supply VMAT 2.0 units to certain airports.  L3Harris otherwise denies the allegations.

144.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 144 and, therefore, denies the same.

145.    In response to paragraph 145, L3Harris admits that certain purchase orders were delayed for select airports following an initial competitive procurement process.  L3Harris otherwise denies the allegations.

146.    L3Harris denies the allegations in paragraph 146.

147.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 147 and, therefore, denies the same.

148.    L3Harris denies the allegations in paragraph 148.

149.    L3Harris denies the allegations in paragraph 149.

150.    In response to paragraph 150, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

151.    In response to paragraph 151, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

152.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 152 and, therefore, denies the same.

153.    L3Harris denies the allegations in paragraph 153.

154.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 154 and, therefore, denies the same.

155.    In response to paragraph 155, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

156.    In response to paragraph 156, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

157.    L3Harris denies the allegations in paragraph 157.

158.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 159 and, therefore, denies the same.

159.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 159 and, therefore, denies the same.

160.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 160 and, therefore, denies the same.

161.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 161 and, therefore, denies the same.

162.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 162 and, therefore, denies the same.

163.     In response to paragraph 163, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.  L3Harris otherwise denies the allegations.

164.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 164 and, therefore, denies the same.

165.     L3Harris does not have sufficient information to admit or deny the allegations in paragraph 165 and, therefore, denies the same.

166.     In response to paragraph 166, the referenced Exhibit K to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

167.     L3Harris denies the allegations in paragraph 167.

168.     L3Harris denies the allegations in paragraph 168.

169.   L3Harris does not have sufficient information to admit or deny the allegations in paragraph 169 and, therefore, denies the same.

170.   L3Harris denies the allegations in paragraph 170.

171.   In response to paragraph 171, L3Harris admits that it negotiated rights with uAvionix.  L3Harris otherwise denies the allegations.

172.   In response to paragraph 172, the purported referenced communication speaks for itself, and L3Harris denies the allegations concerning such alleged document to the extent they vary from such document.

173.   L3Harris denies the allegations in paragraph 173.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

174.   L3Harris denies the allegations in paragraph 174.

175.   L3Harris denies the allegations in paragraph 175.

176.   L3Harris denies the allegations in paragraph 176.

177.   L3Harris denies the allegations in paragraph 177.

178.   L3Harris denies the allegations in paragraph 178.

179.   L3Harris does not have sufficient information to admit or deny the allegations in paragraph 179 and, therefore, denies the same.

180.   L3Harris denies the allegations in paragraph 180.

181.   L3Harris denies the allegations in paragraph 181.

182.   L3Harris denies the allegations in paragraph 182.

183.    L3Harris denies the allegations in paragraph 183.

184.    L3Harris denies the allegations in paragraph 184.

185.    L3Harris denies the allegations in paragraph 185.

186.    In response to paragraph 186, the referenced Exhibit L to the FAC speaks for itself, and L3Harris denies the allegations concerning such document to the extent they vary from such document.

187.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 187 and, therefore, denies the same.

188.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 188 and, therefore, denies the same.

189.    L3Harris denies the allegations in paragraph 189.

190.    L3Harris denies the allegations in paragraph 190.

191.    Paragraph 191 of the FAC contains a legal conclusion requiring no response. L3Harris further denies the allegations.

192.    Paragraph 192 of the FAC is a legal conclusion requiring no response.  To the extent a response is deemed necessary, it is denied.

193.    Paragraph 193 of the FAC is a legal conclusion requiring no response.  To the extent a response is deemed necessary, it is denied.

## COUNT I
## Sherman Act 15 U.S.C. § 1

194.    L3Harris incorporates its responses to paragraphs 1 through 193 as if fully set forth herein.

195.    In response to paragraph 195, the referenced alleged provisions of the Sherman Act speak for themselves, and L3Harris denies the allegations concerning such statute to the extent they vary from the statute.

196.    In response to paragraph 196, the referenced alleged provisions of the Sherman Act speak for themselves, and L3Harris denies the allegations concerning such statute to the extent they vary from the statute.

197.    L3Harris denies the allegations in paragraph 197.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

198.    L3Harris denies the allegations in paragraph 198.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

199.    L3Harris denies the allegations in paragraph 199.

200.    L3Harris denies the allegations in paragraph 200.

201.    L3Harris denies the allegations in paragraph 201.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

202.    L3Harris denies the allegations in paragraph 202.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

203.    L3Harris denies the allegations in paragraph 203.

204.    L3Harris denies the allegations in paragraph 204.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

205.    L3Harris denies the allegations in paragraph 205.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

206.    L3Harris denies the allegations in paragraph 206.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

207.    L3Harris denies the allegations in paragraph 207.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the

FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

208.    L3Harris denies the allegations in paragraph 208.

209.    L3Harris denies the allegations in paragraph 209.

210.    L3Harris denies the allegations in paragraph 210.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), struck all of the FAC's alleged antitrust violations by way of horizontal market allocation, bid rigging, price fixing, group boycotting, tying, and reverse tying, and, therefore, no response is required to such allegations.

211.    L3Harris denies the allegations in paragraph 211.

212.    L3Harris denies the allegations in paragraph 212.

213.    L3Harris denies the allegations in paragraph 213.

214.    L3Harris denies the allegations in paragraph 214.

215.    L3Harris denies the allegations in paragraph 215.

216.    L3Harris denies the allegations in paragraph 216.

217.    L3Harris denies the allegations in paragraph 217.

218.    L3Harris denies the allegations in paragraph 218 and demands strict proof thereof.

219.    L3Harris denies the allegations in paragraph 219 and demands strict proof thereof.

**COUNT II**
**Sherman Act 15 U.S.C. § 2**

220.    L3Harris incorporates its responses to paragraphs 1 through 219 as if fully set forth herein.

221.    L3Harris denies the allegations in paragraph 221.

222.     L3Harris denies the allegations in paragraph 222.

223.     L3Harris denies the allegations in paragraph 223.

224.     L3Harris denies the allegations in paragraph 224.

225.     L3Harris denies the allegations in paragraph 225.

226.     L3Harris denies the allegations in paragraph 226.

227.     L3Harris denies the allegations in paragraph 227.

228.     L3Harris denies the allegations in paragraph 228.

229.     L3Harris denies the allegations in paragraph 229.

230.     L3Harris denies the allegations in paragraph 230.

231.     L3Harris denies the allegations in paragraph 231.

232.     L3Harris denies the allegations in paragraph 232.

233.     L3Harris denies the allegations in paragraph 233.

234.     L3Harris denies the allegations in paragraph 234.

235.     L3Harris denies the allegations in paragraph 235.

236.     L3Harris denies the allegations in paragraph 236 and demands strict proof thereof.

237.     L3Harris denies the allegations in paragraph 237 and demands strict proof thereof.

**COUNT III**
**15 U.S.C. § 14 (Sale, etc., on agreement not to use goods of competitors)**

238.     No response is required to Count III (in paragraphs 238 – 257), as the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), dismissed Count III from the FAC.  To the extent a response is deemed necessary, L3Harris denies the allegations.

**COUNT IV**
**Tortious Interference with Contract**

239.    L3Harris incorporates its responses to paragraphs 1 through 257 as if fully set forth herein.

240.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 259 regarding the alleged SPA between Plaintiff and FreeFlight and, therefore, denies the same.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, ruled that the alleged "'certification' of Indmex as a provider of 'Level 1 support services' for the VMAT 1.0 does not constitute a contract.," (Dkt. 43 at p. 30), and, therefore, no response is required to such allegation as part of this Count IV.  To the extent a response is deemed necessary, L3Harris denies the allegations.

241.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 260 regarding the alleged SPA between Plaintiff and FreeFlight and, therefore, denies the same.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, ruled that the alleged "'certification' of Indmex as a provider of 'Level 1 support services' for the VMAT 1.0 does not constitute a contract.," (Dkt. 43 at p. 30), and, therefore, no response is required to such allegation as part of this Count IV.  To the extent a response is deemed necessary, L3Harris denies the allegations.

242.    L3Harris does not have sufficient information to admit or deny the allegations in paragraph 261 regarding the alleged SPA between Plaintiff and FreeFlight and, therefore, denies the same.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, ruled that the alleged "'certification' of Indmex as a provider of 'Level 1 support services' for the VMAT 1.0 does not constitute a contract.," (Dkt. 43 at p. 30), and, therefore, no response is required to such allegation as part of this Count IV.  To the extent a response is deemed necessary, L3Harris denies the allegations.

243.    L3Harris denies the allegations in paragraph 262.

244.    L3Harris denies the allegations in paragraph 263.

245.    L3Harris denies the allegations in paragraph 264.

246.    L3Harris denies the allegations in paragraph 265 regarding the alleged SPA between Plaintiff and FreeFlight.  Responding further, the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, ruled that the alleged "'certification' of Indmex as a provider of 'Level 1 support services' for the VMAT 1.0 does not constitute a contract.," (Dkt. 43 at p. 30), and, therefore, no response is required to such allegation as part of this Count IV.  To the extent a response is deemed necessary, L3Harris denies the allegations.

247.    L3Harris denies the allegations in paragraph 266.

248.    L3Harris denies the allegations in paragraph 267 and demands strict proof thereof.

249.    L3Harris denies the allegations in paragraph 268 and demands strict proof thereof.

**COUNT V**
**Tortious Interference with Business Expectancies**

250.    No response is required to Count V (in paragraphs 269 – 281), as the Court, in its Order granting in part L3Harris' Motion to Dismiss and Strike, (Dkt. 43), dismissed Count V from the FAC.  To the extent a response is deemed necessary, L3Harris denies the allegations.

251.    L3Harris denies that Plaintiff is entitled to any of the relief in the Prayer for Relief of the FAC and demands strict proof thereof.

252.    L3Harris further denies any and all allegations not heretofore specifically admitted and demands strict proof thereof.

**AFFIRMATIVE AND OTHER DEFENSES**

L3Harris asserts the following affirmative defenses and other defenses, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted:

1. The FAC fails to state a claim upon with relief may be granted.

2. Plaintiff's claims are barred, in whole or part, because Plaintiff fails to define a legally cognizable relevant market.

3. Plaintiff's claims are barred, in whole or part, because the injuries and damages alleged by Plaintiff do not constitute legally cognizable antitrust injuries.

4. Plaintiff's claims are barred, in whole or part, on the ground that the acts complained of, to the extent they occurred, were procompetitive in nature, were done for the purpose or had the effect of promoting, encouraging, and/or increasing competition, and/or resulted in procompetitive benefits that outweighed any harm.

5. Plaintiffs' claims are barred, in whole or part, because any action taken by or on behalf of L3Harris was justified, constituted bona fide business competition, and was ancillary to the pursuit of its own legitimate business and economic interests.

6. Plaintiff's claims are barred, in whole or part, because there were no improper means deployed by L3Harris.

7. Plaintiff's claims are barred, in whole or in part, by estoppel.

8. Plaintiff's claims are barred, in whole or in part, due to its prior breach with FreeFlight.

9. Plaintiff's claims are barred, in whole or in part, because any alleged damage it may have suffered was caused by its or its authorized agents' own conduct, acts, or omissions.

10. Plaintiff's claims are barred, in whole or in part, because it has failed to mitigate its alleged damages, if any.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

12. L3Harris reserves the right to assert any other defenses that may be available to it in light of additional information discovered during the course of this action.

WHEREFORE, having answered the First Amended Complaint, Defendant L3Harris Technologies, Inc. respectfully requests that the same be dismissed with prejudice, and that it be awarded its fees and costs incurred herein, together with such other relief as the Court may deem appropriate.

Dated:  December 1, 2020                         Respectfully submitted,


***/s/Brandon H. Elledge***
Brandon H. Elledge (VSB No. 45349)
Robert J. Farlow (VSB No. 87507)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Tel: 703.720.8600
brandon.elledge@hklaw.com
robert.farlow@hklaw.com

David C. Kully (*pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Tel: 202.955.3000
david.kully@hklaw.com

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of December 2020, I electronically filed the foregoing

document using the Court's CM/ECF system, and a copy of this filing will be sent electronically

to the registered participants, as identified on the Notice of Electronic Filing.

*<u>/s/Brandon H. Elledge</u>*
Brandon H. Elledge (VSB No. 45349)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Tele: 703.720.8600
Fax: 703.720.8610
brandon.elledge@hklaw.com

*Counsel for Defendant*